JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Stephen Clark ("Clark") appeals his convictions and sentences for aggravated robbery and felonious assault. We find no merit to the appeal and affirm.
 {¶ 2} Clark was charged in a three-count indictment with kidnapping, aggravated robbery, and felonious assault. All counts contained notice of prior conviction and repeat violent offender specifications. The following evidence was presented at trial.
 {¶ 3} In July 2002, Ruth Brown ("Brown"), a home care nurse, stopped at a gas station located at East 93rd Street and Kinsman Avenue on her way to visit a patient. As Brown attempted to return to her car after filling the gas tank, Clark grabbed her car keys and jumped into her car. Brown screamed for help and attempted to retrieve her keys from Clark. Clark started the engine, and Brown reached into the car in an unsuccessful attempt to prevent his driving away.
 {¶ 4} Clark managed to drive the car forward, dragging Brown with it. Brown continued to struggle with Clark, who bit her arm, and then shifted the car into reverse. Clark "pinned" Brown between the car, a pole, and a gas pump, causing her to lose consciousness. When Brown regained consciousness, she heard a loud crash and observed that her car had collided with another car at the McDonald's next to the gas station. Clark then spun the car around and struck a large dumpster before exiting the car and running toward a nearby field. Officer Paul Burgio of the Cleveland Police Department testified that he witnessed these events from his car. He and several other police officers and bystanders pursued Clark on foot until Clark was apprehended.
 {¶ 5} Brown was admitted to the hospital, where she spent two days. She sustained a bruised spine, sprained left shoulder, an abrasion to her knee, and a broken rib. On the day of trial, more than three months after the incident, Brown still had visible marks on her arm where Clark had bitten her. Brown also continued to have difficulty moving her left shoulder, experienced pain in her lower back, and walked with a limp due to the injuries to her right knee. She was still receiving physical therapy and pain medication at the time of trial and was still on medical leave from her job.
 {¶ 6} Det. Phil Habeeb spoke with Clark on the telephone less than two weeks after the incident. The detective advised him of his rights prior to speaking with him and recorded the conversation. Clark admitted he took Brown's car and that he had used crack cocaine earlier that day.
 {¶ 7} At trial, Det. Habeeb testified about the recorded conversation. Clark's trial counsel subsequently introduced the tape recording into evidence. Det. Habeeb also testified that Clark had prior criminal convictions for breaking and entering, carrying a concealed weapon, receiving stolen property, felonious assault, and several probation violations.
 {¶ 8} At the State's request, the court dismissed the kidnapping charge. The jury found Clark guilty of the remaining counts of aggravated robbery and felonious assault, and the court found him to be a repeat violent offender.
 {¶ 9} At the sentencing hearing, the court sentenced Clark to ten years in prison for aggravated robbery and eight years for felonious assault, to be served consecutively. The court sentenced him to concurrent seven-year terms for the two repeat violent offender specifications, to run consecutively to the underlying sentence, for a total of 25 years.
 {¶ 10} Clark appeals, raising three assignments of error.
 Effective Assistance of Counsel {¶ 11} In his first assignment of error, Clark argues he was denied effective assistance of counsel because his trial counsel introduced his statement to Det. Habeeb as evidence. Clark claims the introduction of his recorded statement into evidence "opened the door" and allowed the state to offer evidence of his criminal record to impeach him.
 {¶ 12} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus; Statev. Lytle (1976), 48 Ohio St.2d 391, vacated on other grounds (1978), 438 U.S. 910; and Strickland v. Washington (1984),466 U.S. 668.
 {¶ 13} To prevail on a claim of ineffective assistance of counsel, the appellant must show that (1) "counsel's performance was deficient," in that "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's "deficient performance prejudiced the defense," in that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington
(1984), 466 U.S. 668, 687.
 {¶ 14} In Ohio, a properly licensed attorney is presumed competent, Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. Moreover, there is "`a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.'" Bradley, supra at 142, quoting Strickland,466 U.S. at 689.
 {¶ 15} Additionally, the effective assistance of counsel does not guarantee results. State v. Longo (1982),4 Ohio App.3d 136, 139. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart (1988), 57 Ohio App.3d 4,10. Moreover, reviewing courts must not use hindsight to second-guess trial strategy and must keep in mind that different trial counsel will often defend the same case in different manners. See, Strickland, 466 U.S. at 689.
 {¶ 16} In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Hester (1976), 45 Ohio St.2d 71, paragraph four of the syllabus. When making that determination, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." Statev. Lytle (1976), 48 Ohio St.2d 391, 396, and State v. Calhoun
(1999), 86 Ohio St.3d 279, 289. To show that a defendant has been prejudiced, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, at paragraph three of the syllabus; and Strickland, supra, at 686.
 {¶ 17} Here, the introduction of Clark's recorded statement allowed the State to use evidence of his prior criminal convictions to impeach him. See Evid.R. 806. However, trial counsel apparently introduced Clark's recorded statement in an attempt to offer an explanation for his actions without having to call Clark to the stand On the tape, Clark stated that he took Brown's car because he was being chased by a group of hostile people. Thus, counsel's decision to introduce the tape was a strategic one.
 {¶ 18} Further, the trial court instructed the jury that any evidence of Clark's prior criminal convictions was to be considered only for impeachment purposes and not as substantive evidence. Absent a demonstration to the contrary, juries are presumed to follow such instructions. State v. Carter (1995),72 Ohio St.3d 545, State v. Loza (1994), 71 Ohio St.3d 61, 75.
 {¶ 19} Moreover, although the introduction of Clark's criminal record likely impaired his credibility, it cannot be said that it changed the outcome of the trial. The evidence of his guilt was overwhelming. Brown identified Clark as the male who stole her car and caused her injuries. Brown's testimony was corroborated by several eyewitnesses who saw Clark steal Brown's car and knock her to the ground. Furthermore, Clark admitted to Det. Habeeb that he took Brown's car. In light of the overwhelming evidence of his guilt, we find that Clark failed to demonstrate the existence of any materially deficient performance by counsel and resulting prejudice.
 {¶ 20} Accordingly, the first assignment of error is overruled.
 Repeat Violent Offender Specifications {¶ 21} In his second assignment of error, Clark argues that because the trial court's finding of physical harm in Clark's prior felonious assault conviction is not supported by sufficient evidence, the repeat violent offender specifications should be reversed and the seven-year sentences vacated.
 {¶ 22} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v.Thompkins (1997), 78 Ohio St.3d 380, 390. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 23} R.C. 2929.01(DD) defines "repeat violent offender" as a person about whom both of the following apply:
"(1) The person has been convicted of, and is being sentencedfor committing, a felony of the first degree other than one setforth in Chapter 2925. of the Revised Code, a felony of the firstdegree set forth in Chapter 2925. of the Revised Code thatinvolved an attempt to cause serious physical harm to a person orthat resulted in serious physical harm to a person, or a felonyof the second degree that involved an attempt to cause seriousphysical harm to a person or that resulted in serious physicalharm to a person.
 (2) Either of the following applies:
 The person previously was convicted of or pleaded guilty to,and previously served * * * a prison term for, any of thefollowing:
 * * *, a felony of the first or second degree that resultedin the death of a person or in physical harm to a person, orcomplicity in or an attempt to commit any of those offenses; * * *"
 {¶ 24} R.C. 2929.01(DD). (Emphasis added.)
 {¶ 25} It is undisputed that subsection (1) has been established by evidence that Brown suffered serious physical harm in the instant case as a result of the aggravated robbery and felonious assault offenses.[1] Clark challenges the sufficiency of evidence of physical harm in his prior felonious assault conviction, claiming the State failed to prove that the victim in his prior felonious assault case suffered physical harm.
 {¶ 26} However, as stated above, R.C. 2929.01(DD)(2) does not necessarily require that the offender actually cause physical harm. Rather, it provides that if all other conditions are met, one may be found to be a repeat violent offender if he or she attempted to commit a first or second degree felony that would have resulted in the death or physical harm to a person. Further, R.C. 2901.01(A)(3) "mandates that any injury, regardless of its gravity or duration, may constitute physical harm." State v.Goble (1982), 5 Ohio App.3d 197, 199.
 {¶ 27} At the sentencing hearing in the instant case, the State presented evidence that Clark pled guilty to felonious assault, a second degree felony, in a prior case, and served a prison term as a result. The State presented evidence that, in the facts surrounding Clark's prior felonious assault conviction, he struck the victim with a pistol.
 {¶ 28} Officer Cunningham of the East Cleveland Police Department testified at the sentencing hearing that he was involved in the investigation of the prior case involving a robbery at a local store. Upon his arrival at the scene, he observed Clark in the store with two employees. Officer Cunningham found three spent bullets and three live bullets on Clark's person, and a revolver was recovered at the scene. Officer Cunningham further stated that his investigation revealed that Clark entered the store, attempted to rob the register, jumped over the counter, and struck the victim with the revolver. In Officer Cunningham's written report, he indicated that Clark admitted he hit the victim over the head with a gun.
 {¶ 29} Moreover, by pleading guilty to felonious assault, a second degree felony, Clark admitted he caused serious physical harm or attempted to cause serious physical by means of a deadly weapon. Therefore, by pleading guilty to felonious assault, Clark admitted the facts necessary for the State to establish that he was convicted of a second degree felony wherein he caused or attempted to cause physical harm to the victim as required by R.C. 2929.01(DD)(2). Therefore, there was sufficient evidence to support the court's finding that Clark was a repeat violent offender.
 {¶ 30} Accordingly, the second assignment of error is overruled.
 Sentencing {¶ 31} In his third assignment of error, Clark argues the trial court erred by imposing consecutive sentences without setting forth the mandatory findings with supporting reasons required by R.C. 2929.14(E)(4) and 2929.19(B).
 {¶ 32} To reverse a trial court's felony sentencing decision, it is necessary to establish by clear and convincing evidence that the trial court has erred. See R.C. 2953.08(G)(1).
 {¶ 33} R.C. 2929.14(E)(4) requires a trial court to make three findings before prison terms may be imposed consecutively. The court may require the offender to serve the prison terms consecutively if the court finds (1) that consecutive service is necessary to protect the public from future crime or to punish the offender, and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:
"(a) The offender committed the multiple offenses while theoffender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of theRevised Code, or was under post-release control for a prioroffense.
 (b) The harm caused by the multiple offenses was so great orunusual that no single prison term for any of the offensescommitted as part of a single course of conduct adequatelyreflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender."
 {¶ 34} Thus, R.C. 2929.14(E)(4) requires that the multiple terms not be disproportionate to the seriousness of the offender's conduct and the danger his conduct poses to the public; and the trial court is required to find that the offender's behavior fits one of the categories listed in R.C.2929.14(E)(4)(a),(b), or (c).
 {¶ 35} R.C. 2929.19(B)(2)(c) and (e), set forth the procedure that a trial court must follow when imposing consecutive sentences for multiple offenses. See State v. Edmonson (1999),86 Ohio St.3d 324, 328; State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471. Once the trial court has made a category finding, the trial court must give its reason for imposing consecutive terms. R.C. 2929.19(B)(2)(c); Edmonson,
supra, at 326. This court has interpreted Edmonson to require the sentencing judge to provide for the record both a "category finding" under R.C. 2929.14(C) and the reasons for that "category finding." Berry, supra.
 {¶ 36} "Reasons" mean the trial court's basis for its "findings." Berry, supra. The failure to provide such information is reversible error requiring resentencing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 37} At the sentencing hearing in the instant case, the court found that consecutive sentences were necessary to protect the public and to adequately punish Clark. The court also found that consecutive sentences were not disproportionate to the seriousness of Clark's behavior or the danger he posed and that a single term would not adequately reflect the seriousness of his conduct.
 {¶ 38} In support of these findings, the court commented on Clark's likelihood of recidivism and noted he had an extensive history of violent crimes. Specifically, the court stated, inter alia:
"I'm sure there were sound reasons or whatever, but it'sunfortunate he didn't get longer sentences in the past for crimesthat deserved it. This isn't the first woman he's preyed upon,entering, you know, their cars at gas stations. This is his MO onother crimes.
 And breaking into other people's homes or businesses. He's gotconvictions. He's been to prison in three states. He's a habitualcriminal, career criminal. There is nothing — absolutely nothing— that would suggest he's anything but that.
 Now, as to the felonious assault, the maximum sentence isrequired. Any shorter prison term would demean the seriousness ofthe defendant's conduct, wouldn't protect the public from futurecrime, which is certain to happen from this fellow if the bestpredictor of future behavior is past behavior and presentattitude."
 {¶ 39} To demonstrate that consecutive sentences were not disproportionate to the seriousness of Clark's conduct and the danger he posed to the public, the court discussed the serious physical and economic harm Brown suffered as a result of Clark's actions:
" * * * I find that both offenses, the aggravated robbery andthe felonious assault, caused serious harm, serious physicalharm, affected the victim's mental and physical ability now, andprobably the rest of her life.
* * *
He chose, in a cowardly fashion, to attack a vulnerable, weakperson, and in broad daylight * * * with a boldnesssecond-to-none, * * *
* * *
The offender didn't — wasn't provoked, the victim didn'tfacilitate, he certainly could not have expected not to causephysical harm to her when he began this act with the automobile.There is no substantial mitigating grounds. Smoking dope, being acrackhead is not mitigation, period. It's not mitigation.
* * *
Unfortunately, no one interceded. She was on her own, and thento — knowingly and purposely did her physical harm with recklessdisregard to what would happen to her, and in an obvious attempt,and you did your best, I agree, to kill her.
* * *
She has lost her professional ability, and the satisfactionthat she obviously enjoyed of helping people and doing her job.She's lost her dignity to certain extent, although she's regainedit, as far as the Court is concerned, with her heroic act here,but I mean, there's a certain loss of dignity when you lose yourprofession, unable to perform, and she worked so hard, went toschool to learn and get better, and caring about people, and shecan't do it because you physically put her in this position."
 {¶ 40} Based on the seriousness of the harm Brown suffered, coupled with Clark's extensive history of violent criminal behavior, we find there is clear and convincing evidence supporting the court's conclusion that the harm caused by these two offenses was so great or unusual that no single term of imprisonment would adequately reflect the seriousness of Clark's conduct. We, therefore, affirm the court's finding that consecutive sentences were necessary to protect the public and to punish Clark.
 {¶ 41} Accordingly, the third assignment of error is overruled.
 {¶ 42} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, JR., P.J., and James J. Sweeney, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Aggravated robbery is a first degree felony. See R.C.2911.01. Felonious assault, as charged in the instant case, is a second degree felony. See R.C. 2903.11.