JOURNAL ENTRY and OPINION
{¶ 1} Third-party defendant-appellant Louis Frank ("appellant") appeals from the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, finding him in contempt for violating a temporary restraining order. For the reasons stated below, we affirm.
 I {¶ 2} The facts gleaned from the record indicate the underlying action concerned the divorce of plaintiff-appellee Amy S. Epstein ("Epstein") from her husband Phillip S. Epstein ("Phillip"). Epstein filed for divorce on October 30, 1998.
 {¶ 3} On October 30, 1998, the trial court granted Epstein's motion for temporary restraining order ("TRO") against each defendant, including appellant. As it pertained to appellant, the TRO prohibited him from:
{¶ 4} "alienating, encumbering, borrowing against,transfer-ring, giving away, destroying, or disposing of any ofthe Plaintiff, Amy Sue Epstein's and Defendant, Phillip ScottEpstein's marital property, separate property, and/or assets —(a) whether owned or possessed by Defendant, Louis Frank, onbehalf of the Plaintiff and/or on behalf of the Defendant,Phillip Scott Epstein; or (b) whether held by the Defendant,Louis Frank, on behalf of the Plaintiff and/or on behalf of theDefendant, Phillip Scott Epstein."
 {¶ 5} On February 18, 2003, Epstein filed a motion to show cause against Phillip and appellant, alleging a violation of the TRO.[1] The court scheduled Epstein's motion for a hearing on May 5, 2003. Following Epstein's presentation of evidence during the motion to show cause hearing, the court asked Epstein if she would be presenting additional witnesses. She indicated that only one other witness, the bankruptcy attorney for Phillip, Alexander Jurczenko ("Jurczenko"), would testify. Thereafter, the court adjourned for the weekend and scheduled the hearing for May 14, 2003.
 {¶ 6} On May 14, 2003, the matter was continued for one day at Jurczenko's request because his attorney was unable to attend. Before adjourning for the day, Epstein again advised the court that no other witnesses would be called. Appellant also stated no further witnesses would be presented. The following day, the hearing proceeded and Epstein called an additional witness, Carol Doering ("Doering").[2]
 {¶ 7} Epstein argued that Doering's testimony was necessary to authenticate certain documents. Further, she argued Doering was subpoenaed and appellant was aware she would testify.
 {¶ 8} Upon objection by Phillip's counsel, the court acknowledged the absence of appellant's counsel, and rescheduled the hearing. The court, however, rescheduled the hearing on a date when appellant's lead counsel was unavailable. Appellant was represented by substitute counsel. Appellant contends that when the hearing reconvened, Doering was permitted to testify to more than the authenticity of certain documents.
 {¶ 9} At the conclusion of the hearing, the court found appellant and Phillip in contempt for violation of the TRO in the sale of property held by both. The court found that:
{¶ 10} "* * * Phillip owned a 25% beneficial interest andDefendant, Louis Frank, owned a 75% beneficial interest in abuilding located at 23969 Broadway Avenue, Oakwood Village, Ohio.Such ownership was pursuant to a trust agreement. * * * OnNovember 22, 2002, the Broadway Avenue property was sold and/orencumbered by the Defendants in violation of this Court'srestraining order. * * * With regard to the Defendant, LouisFrank, it is important to note that he is an attorney and as suchis aware of the impact and importance of a Court Order such asthe within restraining order. The Court further notes that theDefendant, Louis Frank, was the majority owner of this propertyand without his consent and active participation this purchaseagreement and encumbrances could not have occurred. Finally, theCourt notes from the exhibits offered, the primary beneficiary ofthis transaction appears to be the Defendant, Louis Frank."
 {¶ 11} The court sentenced appellant to 30 days in jail, but ordered that he could purge his contempt and sentence by depositing $120,331.23 into an escrow account on or before June 5, 2003. Failure to do so would result in the issuance of a capias for his arrest.
 {¶ 12} From this decision, appellant advances two assignments of error for our review.
 II {¶ 13} In his first assignment of error, appellant argues that "the trial court erred in violating appellant's right to due process A) permitting [Epstein] to call additional witnesses after indicating no further witnesses denied appellant his right to reasonable notice and an opportunity to defend" and "B) admission of [Epstein's] exhibits without proper foundation and notice of witness violated appellant's right to due process." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 14} An abuse of discretion implies more than an error of law or judgment. It suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Absent a clear abuse of that discretion, the lower court's decision should not be reversed.Mobberly v. Hendricks (1994), 98 Ohio App.3d 839. In the case sub judice, we find that the court did not abuse its discretion.
 {¶ 15} Appellant admits that he was served with Epstein's motion to show cause on February 26, 2003. However, he argues that Epstein's representations that no further witnesses would be called led to his decision not to appear at the hearing or to call additional witnesses.[3] Appellant's argument is without merit.
 {¶ 16} The witness list provided to appellant contained Doering's name. He cannot argue that he was ambushed by a surprise witness when the witness was included on the witness list. In addition to identifying documents, Doering testified that the property on Broadway Avenue was jointly held by appellant and Phillip, and that both parties signed the purchase agreement for the sale of the property. The court found that Doering's testimony was related to the issues previously discussed in the case, namely, the property located on Broadway Avenue, and therefore was not new or surprising testimony. The court agreed to give appellant more time to prepare a cross-examination if necessary.
 {¶ 17} Although appellant's lead counsel was not present, appellant was represented. There is a presumption of competency by licensed attorneys in Ohio. State v. Clark, Cuyahoga App. No. 82115, 2004-Ohio-352. The trial court did not abuse its discretion by allowing the case to proceed while appellant was represented by counsel.[4]
 {¶ 18} Appellant's first assignment of error is overruled.
 III {¶ 19} In his second assignment of error, appellant argues that "the trial court erred and abused its discretion in establishing the amount of the purge for contempt." For the reasons stated below, appellant's second assignment of error is overruled.
 {¶ 20} A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. Peach v.Peach, Cuyahoga App. Nos. 82414 and 82500, 2003-Ohio-5645. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. Id. A trial court abuses its discretion in ordering purge conditions which are unreasonable or where compliance is impossible. Burchett v.Miller (1997), 123 Ohio App.3d 550. The party who is in contempt bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him to satisfy.Marx v. Marx, Cuyahoga App. No. 82021, 2003-Ohio-3536.
 {¶ 21} As stated above, the trial court found that appellant could purge his contempt by depositing the sum of $120,331.23 in escrow within two weeks. The court reached this amount by multiplying the Broadway Avenue property's sale price, $481,344.92, by Phillip's percentage of interest in the building, or 25 percent.
 {¶ 22} Appellant argues that the intention and result of the transaction was to extinguish an existing mortgage on another marital asset shared by Phillip and Epstein. As a result of the sale, neither Phillip nor appellant received any funds. Appellant contends Epstein actually benefitted from the transaction, as the property's value had increased by virtue of the mortgage payoff.
 {¶ 23} Epstein argues that appellant's actions in the sale of the property caused her a "future financial loss as a division of marital property had not yet taken place."[5] She also argues that the court provided appellant the opportunity to set forth an appropriate purge amount. Further, appellant's personal financial position is one in which the amount of the purge could be satisfied.
 {¶ 24} Appellant argues that "there is no finding he is able to post said amount in such a short time period." This argument is meritless. As stated above, the burden is on appellant to show the amount could not be posted. Appellant has failed to show this.
 {¶ 25} We find the factors relied upon by the trial court persuasive. The court found that appellant is an attorney and thus is aware of the importance of judicial decrees, including restraining orders. Further, without appellant's active participation and consent, the sale of the property could not have happened. Thus, appellant was not a simple bystander to the contempt. As the trial court found appellant's interest in the property to be greater than Phillip's interest, appellant's argument that the court improperly gave identical purge amounts is meritless. As he held a greater beneficial interest, appellant arguably should have been given a higher purge amount. The trial court did not abuse its discretion.
 {¶ 26} Appellant's second assignment of error is overruled.
 {¶ 27} The judgment is affirmed.
Judgment affirmed.
Cooney, P.J., and Gallagher, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The underlying divorce remains pending, due, in part, to various extraneous events throughout the proceedings. These included Phillip filing a Chapter 13 bankruptcy petition, a subsequent attempt to convert the bankruptcy to Chapter 7, and incidents wherein Phillip was held in contempt of court and jailed.
[2] Doering was an employee of Phillip and appellant.
[3] Appellant resides in Florida and previously advised the court of his need for seven days' notice in order to appear.
[4] As we find the trial court did not abuse its discretion in allowing the witnesses to testify, we also find the admission of the exhibits identified by those witnesses to be proper. Appellant argues lack of foundation but fails to present legal authority or a factual basis in support of his position.
[5] Epstein fails to elaborate on what this potential financial loss would be.