JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Theresa Mabry Robinson, appeals from a domestic relations court order finding her in contempt of court and sentencing her to thirty days in jail, suspended on condition that she purge her contempt by complying with certain requirements. She argues that the court erred by finding her in contempt and by imposing impossible purge conditions. She also argues that the court abused its discretion by awarding attorney's fees.
 {¶ 2} Defendant-appellee, James A. Robinson, has not responded to this appeal. Therefore, we "may accept the appellant's statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
 Procedural History {¶ 3} The parties were divorced pursuant to an entry filed August 12, 1997. This entry designated appellant as the residential parent for the parties' child, and established a progressive visitation schedule pursuant to which appellee would have supervised then unsupervised visitation for increasingly longer periods of time until the standard visitation schedule was finally applied.
 {¶ 4} On April 15, 2002, appellee moved the court to modify his support obligations and to establish visitation. In resolving this motion, the parties prepared an agreed order which the court found to be fair, just and equitable and incorporated into its own order. This order granted appellee visitation with the child every Saturday beginning May 17, 2003 and continuing until further order of the court. For the period from May 17 to August 16, visitation was to be supervised by Tammy and/or Steve Brumley from 12:00 noon to 4:00 p.m. From August 23 to October 25, appellee had unsupervised visitation from 12:00 noon until 4:00 p.m., beginning and ending at the Brumley's residence. From October 25 to December 13, appellee was given visitation on alternate weekends from Saturday at 12:00 noon to Sunday at 12:00 noon. Thereafter, the standard visitation guidelines were to be used.
 {¶ 5} The agreed order further provided that "[t]his visitation plan requires the [appellee] to make each visit to get to the next level." Furthermore,"[i]f [appellee] fails to appear for 2 visits out of 4, then this agreement is null void." Supervised visits were to be "adjusted to activities of the parties and the child's friends." Any change in the visitation schedule was to be communicated no later than Fridays at 8:00 p.m.
 {¶ 6} On July 21, 2003, appellee moved the court for an order to appellant to show cause why she should not be held in contempt for unilaterally attempting to change the visitation schedule; appellee also sought an award of attorney's fees. On August 18, 2003, the court issued a show cause order.
 {¶ 7} The matter came on for hearing before the magistrate on March 10, 2004. In a decision entered April 12, 2004, the magistrate found that appellant faxed a notice to appellee's counsel on June 6, 2003, to change the visitation scheduled for June 7, 2003 because of scheduling conflict for the Brumley family. That same faxed notice also stated that Saturday visitation time would change from 12:00 noon to 4:00 p.m. to 9:30 a.m. to 1:30 p.m. beginning June 14. Although appellant and the Brumleys had discussed this change, neither one of them discussed it with appellee. The magistrate concluded that this was an attempt by appellant to change the time for visits unilaterally, and that the agreed order did not allow her to do so. Therefore, the magistrate held:
 {¶ 8} "* * * Plaintiff Theresa Mabry-Robinson is in contempt for failing to comply with prior orders of this Court as it relates to Mr. Robinson's visitation with the minor child. Plaintiff Theresa Mabry-Robinson is hereby sentenced to thirty (30) days in jail for said contempt. Ms. Mabry-Robinson [sic] sentence is suspended on the condition she comply with the following:
"1. That the visitation as set forth in paragraph numbered 4 of the agreed judgment entry journalized at volume 4134 Page 0515-0518 of the Divorce Journals, a copy of which is attached hereto, begins upon the journalization of this order and is followed for two months from the date of journalization of this order.
"2. That James Robinson shall have additional visitation with the minor child on the first Sunday of every month from 12:00-4:00 pm, until such time as James Robinson begins the Saturday to Sunday overnight visitation, at that time the Sunday visitation shall be extended to 4:00 pm;
"3. That Theresa Mabry-Robinson pay James Robinson $575 towards [sic] his attorney fees."
 {¶ 9} If appellant did not purge her contempt, the magistrate's decision determined that the court could either order her sentence into execution or order appellant to perform not less than 200 hours of community service in lieu of incarceration. Appellant was ordered to pay appellee's attorney's fees in the amount of $575 even if she failed to purge her contempt.
 {¶ 10} Appellant objected to the magistrate's decision, arguing that that she was not in contempt because the visitation schedule was voided when appellee missed two out of four visits. She also argued that she could not be in contempt because the visitation order did not address the means by which the visitation schedule could be modified. She complained that the court's award of attorney's fees to appellee was improper because the magistrate failed to analyze appellant's ability to pay. Finally, she asserted that the purge conditions were impossible. The court overruled these objections and adopted the magistrate's decision.
 Law and Analysis {¶ 11} Appellant first contends that the court erred by finding her in contempt because the agreed order with which she allegedly failed to comply was rendered void when appellee missed two of four scheduled visits. She urges that appellee did not visit with the child on May 17, 2003 or June 7, 2003, even though he was aware of the changed time and location of the visit on June 7. Consequently, she claims, under the terms of the agreed visitation order, the agreement was "null and void," and she had no obligation to provide visitation.
 {¶ 12} The magistrate determined that the evidence was disputed as to whether appellee appeared for visitation on May 17 and June 7. Appellee testified that he arrived at the Brumley's residence approximately five minutes early on May 17 and no one was there. The magistrate also found that appellee "might have" appeared for visitation at the appointed time and place on June 7, but Mary Mabry, the substitute supervisor of the visit, did not see him. Therefore, even if we accept appellant's assertion that the court order would be voided by appellee's failure to appear for visitation on two out of four scheduled visits,[1] the magistrate's factual findings do not support appellant's assertions.
 {¶ 13} Appellant also argues that the court order does not address the method for modifying the visitation schedule, so she cannot be held in contempt for choosing a disfavored method for doing so. A court order is not subject to modification by the parties, at least not unless the order provides the parties with that power. In general, a court order can only be modified by another court order. Appellant could not unilaterally alter the visitation schedule because the court order did not give her the power to do so; her attempt to do so constituted contempt. Therefore, we overrule the first assignment of error.
 {¶ 14} Second, appellant argues that the court erred and abused its discretion by awarding attorney's fees without inquiring about appellant's ability to pay and without a determination that appellee would be prevented from fully litigating his rights and adequately protecting his interests if attorney's fees were not awarded. These arguments are based on R.C. 3105.18(H). However, R.C. 3109.051(K) requires that if the court finds a person in contempt for failing to comply with an order granting parenting time, the court must order the contemnor to pay the adverse party's attorney's fees "that arose in relation to the act of contempt." The award is mandatory, and the statute does not require any inquiry into the paying party's ability to pay or the opposing party's ability to litigate his rights and protect his interests. See, e.g., Mannv. Mendez, Lorain App. No. 04CA008562, 2005-Ohio-3114, at ¶ 21. Therefore, we overrule the second assignment of error.
 {¶ 15} Finally, appellant claims that the court erred by imposing purge conditions which are impossible to comply with. Essentially, appellant contends that the court ordered her to comply with an order which is a nullity. As explained above, however, the common pleas court did not make the factual findings which render the order "null and void" under appellant's theory. Therefore, it is not "impossible" to comply with the purge conditions.
 {¶ 16} Appellant also complains that the magistrate expanded visitation "beyond that which either of the parties and their counsel thought to be appropriate." Under R.C. 3109.051(K), when a party is found to be in contempt for failing to comply with an order providing parenting time or visitation, the court "may award reasonable compensatory parenting time or visitation to the person whose right of parenting time or visitation was affected * * * if such compensatory parenting time or visitation is in the best interest of the child." While the court's inclusion of compensatory visitation time as a purge condition is unusual,[2] appellant has not demonstrated that the additional visitation was not in the child's best interests.
Affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, and Corrigan, J., concur.
[1] We need not decide this issue here, but we question whether a contract provision indicating that the parties' agreement would be "null and void" if appellee failed to appear for two visits out of four would affect the continuing vitality of the court's order once the court adopted the parties' agreement.
[2] The order may be ineffectual if appellant chooses not to purge her contempt.