DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jaclyn A. Hall, appeals the trial court's judgment entry finding her in contempt of court for failure to allow Appellee, Michael D. Nazario, to exercise his visitation with the parties' minor child, K.N. We affirm in part and reverse in part.
 {¶ 2} Appellant Jaclyn Hall ("Mother") and Michael Nazario ("Father") are the parents of K.N., born July 14, 1999. This action commenced as a paternity action wherein it was determined that Father was the natural parent of K.N.. Father sought and was granted visitation with K.N. and on February 1, 2001, the parties entered into a shared parenting plan, which plan was modified on January *Page 2 
9, 2004 ("SPP"). The SPP provided, among other things, that Mother was to be the residential parent of K.N. and Father was to have visitation with K.N. alternating weekends and one day per week.
 {¶ 3} On April 14, 2006, Father and Mother's fiancé had a physical altercation at Mother's home that resulted in assault charges being filed against Father and a temporary protection order issued to protect K.N. and the other members of Mother's household. On July 20, 2006, the protection order was modified to exclude K.N. Mother then agreed to allow Father to visit K.N. with transportation to be provided by Father's mother so as to prevent Father from violating the protection order still in place to protect the others in Mother's household. Mother failed to facilitate the visitation, however.
 {¶ 4} On August 18, 2006, Father filed a motion to show cause as to why Mother should not be held in contempt for violating the SPP. On October 3, 2006, Mother filed a motion to modify Father's visitation/parenting time with K.N. On October 23, 2006, the Magistrate heard evidence from both parties and on November 3, 2006, rendered his decision ("Magistrate's Decision"). In his decision, the Magistrate denied both parties' motions and ordered the parties to comply with the SPP. Both parties filed timely objections.
 {¶ 5} On February 20, 2007, the trial court reversed and modified the Magistrate's Decision and found Mother to be in contempt of the SPP by refusing to allow Father to exercise his parenting time with K.N. ("Judgment Entry"). In *Page 3 
the Judgment Entry, Mother was sentenced to five days incarceration but was permitted to purge her contempt by (1) granting the Father make-up parenting time in addition to his parenting time as set forth in the SPP at the rate of one additional weekend per month; and (2) paying $500 towards Father's attorney's fees.
 {¶ 6} Mother timely appealed the Judgment Entry raising two assignments of error.
 Assignment of Error I "The trial court erred to the detriment of [Mother] when it found her in contempt for her failure to allow [Father] to exercise his parenting time with the minor child."
 {¶ 7} Mother asserts that the trial court erred when it failed to consider the risk of emotional and physical harm that would come to K.N. if Mother allowed K.N. to visit with Father. Mother asserts that had the trial court properly considered K.N.'s interest it could not have found her in contempt of court. Mother did not appeal the trial court's denial of her motion to modify Father's parenting time.
 {¶ 8} We begin our discussion by noting that Father did not file an appellate brief. This Court may, therefore, accept Mother's statement of the facts and issues as correct and reverse the trial court's judgment if Mother's brief reasonably appears to sustain such action. See App.R. 18(C). *Page 4 
 {¶ 9} In Malson v. Berger, 9th Dist. No. 22800, 2005-Ohio-6987, we discussed our review of a finding of contempt where a party failed to comply with a shared parenting plan, and stated:
 "This court will not overturn a lower court's determination in a contempt proceeding absent an abuse of discretion. See State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11, 417 N.E.2d 1249. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.
 "`Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.' Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus. Specifically, indirect contempt of court is contempt `committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice.' In re Lands (1946), 146 Ohio St. 589, 595, 67 N.E.2d 433. R.C. 2705.02, which enumerates acts that are in indirect contempt of court, provides in relevant part:
 "`A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]
 "In addition to the statutory basis established by R.C. 2705.02, courts have inherent authority to punish disobedience of their orders through contempt proceedings. See Zakany v. Zakany (1984), 9 Ohio St.3d 192, 194, 459 N.E.2d 870." Malson at ¶ 6-7.
 {¶ 10} In Malson, we found that "the trial court abused its discretion in finding that Appellant was in contempt when no clear duties or obligations were *Page 5 
imposed upon her." Id. at ¶ 13. Here, however, Mother was under a clear duty and obligation to allow Father to exercise visitation pursuant to the SPP.
 {¶ 11} At the hearing, there was evidence that Father generally had a hostile demeanor and angry attitude upon returning K.N. to Mother after visitation while in the presence of K.N. ; that on one instance, Father slammed a door so hard that the glass broke after arguing with Mother; that another instance, four years prior, the family noted, but did not report, a black welt underneath K.N.'s eye; and that Father's assault against Mother's fiancé was in the presence of K.N.
 {¶ 12} However, it is undisputed that Father had not seen his daughter since April 14, 2006, and that Mother had not allowed Father to visit K.N. since the restraining order was lifted protecting K.N. on July 20, 2006, despite her obligations pursuant to the SPP and her agreement to do so. Mother testified that she had unsuccessfully attempted to get the restraining order protecting K.N. extended, but admitted that she did not make this attempt until after Father filed his motion to show cause in September 2007. Mother indicated that she wanted to file a motion to modify the shared parenting plan because of Father's conduct in the presence of K.N., but could not afford an attorney.[1] Mother finally admitted that she had never seen Father physically harm K.N. *Page 6 
 {¶ 13} Based on the foregoing, and the fact that only the issue of contempt is before this Court, we cannot say that the trial court abused its discretion in finding Mother in contempt. Mother's first assignment of error is overruled.
 Assignment of Error II "The trial court erred to the detriment of [Mother], and abused it's [sic] discretion in awarding attorney fees absent the proper legal analysis, resulting in a misconstruction of law."
 {¶ 14} In her second assignment of error, Mother asserts that the trial court erred in ordering her to pay $500.00 towards Father's attorney fees without conducting an inquiry as to the reasonableness of such fees and Mother's ability to pay such fees, especially where Mother was found to be indigent by the trial court.
 {¶ 15} R.C. 3109.051(K) states:
 "(K) If any person is found in contempt of court for failing to comply with or interfering with any order or decree granting parenting time rights, * * * the court that makes the finding * * * shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt[.]"
An attorney fee award under R.C. 3109.051(K) "is mandatory, and the statute does not require any inquiry into the paying party's ability to pay[.]" Robinson v. Robinson, 8th Dist. No. 85980, 2005-Ohio-6240, at ¶ 21, citing Mann v. Mendez, 9th Dist. No. 04CA008562, 2005-Ohio-3114, at ¶ 14.
 {¶ 16} "[A] trial court is required to order the party found in contempt of court to pay the adverse party's reasonable attorney fees arising from the litigation *Page 7 
of the contempt matter involving a visitation order." (Emphasis sic.)Mann at ¶ 21. Having found Mother in contempt of court for violating the SPP, the trial court properly ordered Mother pay attorney fees Father "incurred in relation to the contempt proceeding, per R.C. 3109.051(K)." Id.
 {¶ 17} We review the trial court's valuation of the attorney fees for an abuse of discretion. Mann at ¶ 22; Robinson at ¶ 16. "Thus, a court's attorney fees award will not be reversed unless it is deemed arbitrary, unreasonable, or unconscionable." Mann at ¶ 22. See, generally,Blakemore, 5 Ohio St.3d at 219. "`What is reasonable,' for purposes of calculating attorney fees, `is a question of fact[, and t]he trial court must have evidence before it probative of that issue in order to make the finding."` (Alteration in original.) Mann at ¶ 22, quotingKimball v. Austin (Aug. 1, 2001), 9th Dist. No. 01CA007760, at 2, quoting Madden v. Madden (June 14, 1996), 2nd Dist. No. 15576, at 4. CfIwanek v. Iwanek (Feb. 13, 1991), 9th Dist. No. 90CA004884, at *3 (finding award of attorney fees in a contempt action to be proper where counsel stipulated to the accuracy and reasonableness of the fees sought).
 {¶ 18} Other than a request for reasonable attorney fees set forth in Father's motion to show cause and the award of $500 in attorney fees in the Judgment Entry, there is nothing in the record addressing the issue of attorney fees related to the contempt action. The issue was not discussed at the hearing. The magistrate did not find Mother in contempt and did not award attorney fees and thus, made no *Page 8 
factual finding related to the reasonableness of such fees so as to give the trial court a factual basis for the award. There was no evidence presented to establish that the Father incurred $500 in attorney fees to bring the contempt action or that such fees were reasonable.
 {¶ 19} We note that our analysis is not changed by the fact that the trial court only ordered Mother to purge her contempt by payingtoward Father's attorney fees as opposed to paying the total amount of Father's attorney's fees. The trial court was still required to determine the reasonableness of the fees charged. See Reichert v.Reichert (Nov. 7, 1990), 1st Dist. No. C-890727, at *2 (finding award ordering party to contribute $1,000 towards other party's attorney fees to be proper where the magistrate "set forth in her findings the time expended by appellee's counsel and the fees charged for such time [and] [a]ppellant did not challenge the reasonableness of the fees charged.").
 {¶ 20} Based on the foregoing we find that the trial court abused its discretion in awarding $500 towards Father's attorney fees absent any evidence of the veracity and reasonableness of such fees.
 {¶ 21} Appellant's second assignment of error is sustained and this issue is remanded back to the trial court for proceedings consistent with this opinion.
 Judgment affirmed in part, reversed in part, and cause remanded. *Page 9 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
LYNN C. SLABY FOR THE COURT
WHITMORE, J. DICKINSON, J. CONCUR
[1] Counsel was appointed to represent Mother after Father filed his show cause motion. Appointed counsel filed a motion to modify the shared parenting plan to limit Father's visitation. *Page 1