JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Bertha Richmond ("Richmond"), appeals the trial court's contempt citation against her, its failure to grant her the opportunity to purge the citation, and the award of attorney's fees in favor of appellee, Gaylon Fletcher ("Fletcher"). After a thorough review of the record and for the reasons set forth below, we affirm in part and vacate in part.
 {¶ 3} Richmond is the maternal grandmother of A.R.[1] and was granted legal custody of him shortly after his birth in November 1998 because his mother was unable to care for him. A.R. lived primarily with Richmond, but also spent a significant amount of time with his godmother, Fletcher. Fletcher and A.R. `s mother have a close relationship, and, while A.R. was in Fletcher's custody, Fletcher would allow A.R.'s mother to spend additional time with her son.
 {¶ 4} On or about August 23, 2004, Fletcher applied for permanent custody of the child, and the court denied the application in August 2005. At that time, however, the court granted Fletcher temporary visitation, following a schedule of Wednesday evenings from 3:00 p.m. until 7:00 p.m. and alternating weekends from 3:00 p.m. on Fridays until 3:00 p.m. on Sundays. Richmond claims that Fletcher did *Page 4 
not always adhere strictly to the schedule and often kept A.R. longer than she was legally permitted.
 {¶ 5} On September 30, 2005, Fletcher filed a motion to modify custody in which she requested permanent custody of A.R. On December 16, 2005, the court held a custody trial, the result of which was the grant of custody of A.R. to Fletcher, and Richmond would have visitation "by agreement of the parties." Because Richmond objected to the magistrate's decision, and there was a subsequent issue with the magistrate's failure to file Findings of Fact and Conclusions of Law, Fletcher did not take possession of A.R. at that time. Richmond and Fletcher understood they were still subject to the temporary visitation schedule the court had ordered in August 2005.
 {¶ 6} On Wednesday, December 21, 2005 and on the weekend of December 23, 24, 25, 2005, A.R. remained with Richmond, even though those were days Fletcher was entitled to visitation with the child under the current visitation schedule. On December 30, 2005, Fletcher filed a motion to show cause why Richmond should not be held in contempt for her failure to grant visitation on December 21, 2005 and December 23, 24, 25, 2005.
 {¶ 7} At the contempt hearing, held on April 13, 2006, Richmond testified that she called Fletcher on December 20, 2005 and informed her that A.R. would be spending the Christmas holiday with his extended family in Michigan, something he had done each year in the past. Richmond further testified that Fletcher did not *Page 5 
respond, but instead remained silent, and Richmond took this as assent. Fletcher testified she did not respond because she was in shock, and that Richmond then hung up the phone on her. Both parties agree that they had no further contact about the matter until after the holiday.
 {¶ 8} At the April 13th hearing, the magistrate found Richmond in contempt and sentenced her to 30 days in jail. He suspended the sentence and awarded Fletcher four additional days of visitation.[2] It is this contempt sanction that Richmond now appeals.
 {¶ 9} Richmond cites four assignments of error for our review. For purposes of clarity, we will discuss them out of order.
 Standing {¶ 10} "V. Appellee has never intervened or been designated a party in the 1998 lower court case and thus has no standing therein."
 {¶ 11} In her fifth assignment of error, Richmond raises the issue of standing. She argues that Fletcher never moved to intervene in this case; therefore, she has no standing to file a motion to show cause. We disagree.
 {¶ 12} While it is clear that Fletcher did not file a Civ.R. 24 motion to intervene, the court granted visitation rights to Fletcher as far back as August 10, 2005. *Page 6 
Richmond did not object to Fletcher being listed as a party on the magistrate's order or to the substance of the visitation order itself. On December 16, 2005, the court clearly designated Fletcher a party at the custody hearing, at which time the court granted Fletcher custody of A.R. In its Findings of Facts and Conclusions of Law, the court listed Gaylon Fletcher and her attorney on the first page as "parties and lawyers" in attendance.
 {¶ 13} Although Richmond states in her proposed findings of fact that Fletcher never moved to intervene, she does not indicate that she filed an objection at or before the hearing itself. It is too late for her to raise the issue of standing here.
 {¶ 14} The court did not abuse its discretion in allowing Fletcher to file a motion to show cause. Richmond's fifth assignment of error is overruled.
 Finding of Contempt {¶ 15} "I. The trial court improperly found appellant in contempt of court."
 {¶ 16} In her first assignment of error, Richmond initially argues that the visitation schedule did not provide for days of special meaning or holidays, like many visitation schedules do. She also argues that A.R. had always spent Christmas with his extended family in the past. It should be noted from the outset that A.R. was not subject to court-ordered visitation prior to August 2005; therefore, the practice in prior years has no relevance here.
 {¶ 17} R.C. 2705.02 provides that disobedience of a lawful order of the court may be punished as for a contempt. Dzina v. Dzina, Cuyahoga App. No. 83148, *Page 7 2004-Ohio-4497, citing Chojnowski v. Chojnowski, Cuyahoga App. No. 81379, 2003-Ohio-298. We apply an abuse of discretion standard to our review of a lower court's contempt finding. Marden v. Marden ( 1996),108 Ohio App.3d 568, 571, 671 N.E.2d 331.
 {¶ 18} Richmond supports her argument that she should not be held in contempt on two bases: first, Fletcher rarely followed the court ordered visitation schedule because she repeatedly returned the child late to his grandmother; and second, Richmond gave Fletcher notice of a change in the holiday schedule, and Fletcher did not respond or object. Nonetheless, the trial court found Richmond in contempt for failing to comply with the visitation agreement in that she failed to facilitate visitation between Fletcher and A.R. on four days in December 2005.
 {¶ 19} We do not find that the court abused its discretion by holding Richmond in contempt since she failed to provide A.R. to Fletcher on a Wednesday and a weekend when Fletcher was entitled to have visitation with him. The court is not required to make provisions for holiday time in a visitation schedule, despite common practice. Also, Richmond is not entitled to unilaterally change a court-ordered visitation schedule. See, Robinson v. Robinson, Cuyahoga App. No. 85980, 2005-Ohio-6240. Richmond did not provide A.R. to Fletcher on December 21 and December 23, 24, 25; this was in clear violation of the visitation schedule. Therefore, Richmond's first assignment of error is overruled.
 Purge Conditions *Page 8 {¶ 20} "III. The court erred in not imposing a purge."
 {¶ 21} Notwithstanding our finding that Richmond violated the court-ordered visitation, Richmond argues that the court erred in not allowing her to purge her contempt citation. We agree.
 {¶ 22} A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. Peach v. Peach, Cuyahoga App. Nos. 82414 and 82500, 2003-Ohio-5645. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. Tucker v. Tucker (1983), 10 Ohio App. 3d 251;461 N.E.2d 1337. A trial court abuses its discretion in ordering purge conditions that are unreasonable or where compliance is impossible. Burchett v.Miller (1997), 123 Ohio App.3d 550, 704 N.E.2d 636. The party who is in contempt bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him to satisfy. Marx v. Marx, Cuyahoga App. No. 82021, 2003-Ohio-3536.
 {¶ 23} In the court's entry dated April 13, 2006, it granted Fletcher's motion to show cause and held Richmond in contempt. It sentenced Richmond to 30 days in jail, but suspended the sentence. It also awarded Fletcher four additional days of visitation, April 19, 20, 21, 22, 2005, days which would normally have been *Page 9 
Richmond's. The court, however, did not designate these days as a purge, and they appear to be merely compensation for lost time under R.C.3109.051(K).[3]
 {¶ 24} The court was required to offer Richmond a chance to purge her contempt sanction, but we find no record that it did so. Because the court order did not afford Richmond an opportunity to purge herself of the contempt, we find that the trial court abused its discretion when it found her in contempt. See, Carroll v. Detty (1996),113 Ohio App.3d 708; 681 N.E.2d 1383. Thus, we sustain Richmond's third assignment of error and vacate her contempt citation.
 Motion to Show Cause {¶ 25} "II. The trial court erred in entertaining appellee's motion to show cause since it was not supported by affidavit."
 {¶ 26} Having found that Richmond's contempt citation should be vacated, her second assignment of error is moot.
 Attorney's Fees {¶ 27} "IV. The trial court erred in awarding appellee attorney fees." *Page 10 
 {¶ 28} In her fourth assignment of error, Richmond argues that the court erred and abused its discretion by awarding attorney's fees to Fletcher. She bases her argument on the court's failure to require Fletcher to submit a fee statement from her attorney at the time of the hearing or to require her attorney to testify as to his fees, as required by Ohio Rules of Juvenile Procedure 50. In fact, the court awarded Fletcher attorney's fees as required under the statute with no testimony as to time spent on the contempt issue. The day following the hearing, Fletcher's counsel sent Richmond a bill for over $1,900. The court had never reviewed the bill, nor had Richmond been given the chance to cross examine Fletcher's counsel regarding its contents. SeeHall v. Nazario, Lorain App. No. 07CA009131, 2007 Ohio 6401 (determining reasonableness for purposes of calculating attorney fees is a question of fact, and the trial court must have evidence before it probative of that issue in order to make the finding).
 {¶ 29} The language of R.C. 3109.051(K) is not discretionary. If the court finds a person in contempt for failing to comply with an order granting parenting time, the court must order the contemnor to pay the adverse party's attorney's fees "that arose in relation to the act of contempt." See, e.g., Mann v. Mendez, Lorain App. No. 04CA008562,2005-Ohio-3114.
 {¶ 30} Nonetheless, we vacate the award of fees. Having vacated the contempt citation because of the court's failure to provide Richmond an opportunity *Page 11 
to purge, we cannot allow an award of attorney's fees. Therefore, we sustain Richmond's fourth assignment of error and vacate the award of attorney's fees.
Judgment affirmed in part and vacated in part.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.
[2] Richmond claims that the court stated, "This sentence will hang over your head for the next eleven years, until A.R. turns 18"; however, Richmond did not file the transcript. We rely on the court's journal entry because the court speaks through its entries.
[3] R.C. 3109.051(K) states: "If any person is found in contempt of court for failing to comply with or interfering with any order * * * or visitation rights issued pursuant to this section, section 3109.11 or3109.12 of the Revised Code, * * * the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and may award reasonable compensatory parenting time or visitation to the person whose right of parenting time or visitation was affected by the failure or interference if such compensatory parenting time or visitation is in the best interest of the child.* * *"
ANTHONY O. CALABRESE, JR., P.J., CONCURS; MARY J. BOYLE, J., DISSENTS (WITH SEPARATE OPINION) *Page 1