JOURNAL ENTRY AND OPINION
{¶ 1} This matter is before the court on appeal from a finding of contempt of court against appellant, Suzan M. Sweeney (Sweeney), of the Cuyahoga County Public Defender's Office. For the reasons that follow, the judgment of the trial court is reversed and vacated. *Page 2 
 {¶ 2} In case number CR-477691, a Cuyahoga County Grand Jury indicted defendant George Hood (Hood or defendant) with burglary. Thereafter, Sweeney was assigned to represent Hood.
 {¶ 3} The trial was set for June 26, 2006, but continued at the request of defendant. Thereafter trial was set for January 31, 2007, also at the request of defendant. The State's witness list included Arneshisa Willis (Willis) and Ernest Ruffin (Ruffin).
 {¶ 4} On January 31, 2007, Willis and Ruffin failed to appear for trial despite subpoenas issued in their names. As a result, the trial court continued the trial until February 1, 2007, and indicated that if the witnesses failed to appear, he would dismiss the case. (Tr. at 4.)
 {¶ 5} At the February 1, 2007 hearing, the trial court began by stating that it had been brought to its attention that apparently Sweeney had informed some individuals that if they failed to appear at trial the case against Hood would be dismissed. (Tr. at 3-4.) Notably, no motion for contempt was filed with the trial court, nor any affidavits. Thereafter, the trial court judge called a hearing on the record. Willis testified that she spoke with Sweeney, but that Sweeney never told her not to come to court on February 1, 2007. (Tr. at 7.) Adrienne W. Ruffin (Adrienne), Willis' mother and Ruffin's wife, who was not named as a witness in the criminal case, testified that she spoke with Sweeney and that Sweeney told her that *Page 3 
she, Willis, and Ruffin need not come to court on February 1, 2007. (Tr. at 12, 19.) Ruffin further testified that Sweeney informed her that if they did not come to court the case would be dismissed against Hood, Willis' boyfriend.
 {¶ 6} On February 2, 2007, the trial court replaced Sweeney as counsel with another attorney. On March 6, 2007, the trial court set a hearing to show cause why Sweeney should not be held in contempt of court. On March 13, 2007, the trial court continued the contempt hearing until March 15, 2007.
 {¶ 7} On March 15, 2007, the trial court conducted the contempt hearing and stated:
 "I understand I brought this under 2705.01, under direct contempt. Regardless, if it isn't direct and it's indirect, it's still — if that was the conduct, it's still improper." (Tr. at 84.)
Thereafter, the trial court found Sweeney in contempt of court, fined her $250, and stayed the execution of sentence pending appeal.
 {¶ 8} On March 18, 2007, Sweeney appealed and asserted three assignments of error for our review. In the interest of judicial economy, we address Sweeney's first and second assignments of error together.
ASSIGNMENT OF ERROR NUMBER ONE "The trial court improperly found Ms. Sweeney in direct contempt of court pursuant to R.C. 2705.01."
ASSIGNMENT OF ERROR NUMBER TWO "The trial court erred in admitting court's exhibit A, the transcript of the February 1, 2007, hearing." *Page 4 
 {¶ 9} Sweeney argues that the trial court erred when it held her in contempt of court pursuant to R.C. 2705.01. Sweeney also argues that the trial court violated her constitutional right to confront witnesses and her right to counsel when it admitted the February 1, 2007 hearing transcript.
 {¶ 10} We apply an abuse of discretion standard when reviewing a lower court's finding of contempt and when reviewing the admission and exclusion of evidence. In re A. R., A Minor Child, Cuyahoga App. No. 90055, 2008-Ohio-582; State v. Hymore (1967), 9 Ohio St.2d 122. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 11} Whether direct or indirect contempt, the trial court filed a written charge with the clerk of courts journalizing the following: "Hearing set for 3/13/07 at 2:00 p.m. to show cause why attorney Suzan M. Sweeney should not be held in contempt of court." The March 13, 2007 hearing was continued until March 15, 2007, in which Sweeney and her counsel appeared.
 {¶ 12} Although the trial court provided Sweeney with notice and an opportunity to be heard at the March 15, 2007 hearing, the trial court failed to protect the entirety of Sweeney's inherent due process rights, including her right to confront *Page 5 
witnesses:
 "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense — a right to his day in court — are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel." In re Oliver (1948), 333 U.S. 257. (Emphasis added.)
 {¶ 13} The trial court's reading of the February 1, 2007 transcript into the record at the March 15, 2007 hearing, violated Sweeney's due process right to confront witnesses. Pursuant to Crawford v.Washington (2004), 541 U.S. 36, where testimonial evidence is at issue, unavailability and a prior opportunity to cross-examine are required. Evid.R. 804(B)(1) requires the same and reads:
 "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 (1) Former testimony. Testimony given as a witness at another hearing of the same or different proceeding * * *, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability."
 {¶ 14} A witness is not considered unavailable unless the prosecution has made reasonable, good faith efforts to secure the presence of the witness at trial. Ohio v. Roberts (1980), 448 U.S. 56; State v.Workman, 3rd Dist. No. 15-06-09, 2007-Ohio-1360
(confrontation clause violated when State failed to present evidence of witness' unavailability or of its reasonable, good faith effort thereof, or where defendant did not concede unavailability). *Page 6 
 {¶ 15} On February 1, 2007, the trial court conducted an impromptu hearing, never advising Sweeney as to the nature of the hearing. The trial court entertained testimony from Willis and Adrienne. Adrienne testified that Sweeney called her and advised her that if Willis and Ruffin did not come to court the following day to act as witnesses against Hood the trial court would dismiss Hoods' case. Willis testified that although Sweeney called her, Sweeney never advised her not to appear for Hood's trial. Sweeney was present for the hearing but believed the hearing to be in regard to witnesses failing to appear for the underlying criminal matter, and not for any personal conduct of her own.
 {¶ 16} Sweeney believed she was present at the hearing as counsel for Hood, not as the subject of the hearing without counsel.
 {¶ 17} Thereafter, on March 15, 2007, at Sweeney's scheduled contempt hearing, the trial court incorporated by reference the entire transcript from February 1, 2007, including, of course, Willis' and Adrienne's prior testimony. However, there is no evidence on the record demonstrating that Willis and Adrienne were unavailable. Nor is there evidence that the prosecution made a reasonable, good faith effort to secure the witnesses' presence at the contempt hearing. There is no evidence that the trial court or the State attempted to subpoena Willis or Adrienne, or that Sweeney conceded their unavailability. Rather, Sweeney objected to the admission of the February 1, 2007 transcript. *Page 7 
 {¶ 18} Furthermore, although Sweeney did have an opportunity to cross-examine Willis and Adrienne on February 1, 2007, she did not have a similar motive for developing testimony. See Evid.R. 804(B); see, also, Crawford. On February 1, 2007, Sweeney appeared in order to represent her client, Hood. On March 15, 2007, Sweeney appeared for a contempt hearing. Therefore, as a result of incorporating the February 1, 2007 transcript into the March 15, 2007 hearing, no witnesses were called for Sweeney to cross-examine and admission of the February 1, 2007 transcript into the March 15, 2007 contempt hearing violated Sweeney's right to confront witnesses.
 {¶ 19} Additionally, Sweeney argues she was denied her right to counsel. The right to counsel applies to direct contempt proceedings:
 "A defendant's right to defend in person and with counsel as provided by Section 10 of Article I of the Constitution of Ohio affords the defendant a constitutional right of counsel of his choosing in misdemeanors, including criminal contempt requiring the taking of testimony, which result in deprivation of liberty. Such right in direct contempt proceedings may be made dependent upon a request, but failure to make a request does not amount to a waiver except under such circumstances that failure to make the request would constitute an intentional relinquishment or abandonment of a known right or privilege. The defendant being without counsel, not having been advised of his right or having been given any notice of the purpose of the hearing, he cannot be held to have knowingly or understandingly waived his constitutional right to have counsel present." In re Neff, 5th Dist. No. 3427, 20 Ohio App.2d 213.
 {¶ 20} Pursuant to R.C. 2705.03, the right to counsel also applies in indirect contempt proceedings. *Page 8 
 {¶ 21} The record reveals that Sweeney's right to counsel was not honored on February 1, 2007. The hearing was clearly an attempt to gather evidence regarding the alleged contempt and the transcript was thereafter incorporated into the March 15, 2007 contempt hearing. Therefore, admission of the February 1, 2007 transcript at the March 15, 2007 contempt hearing also violated Sweeney's right to counsel.
 {¶ 22} Thus, the trial court abused its discretion when it admitted the February 1, 2007 hearing transcript and when it held Sweeney in contempt of court.
 {¶ 23} Sweeney's first and second assignments of error are sustained.
ASSIGNMENT OF ERROR NUMBER THREE
"The evidence is insufficient to sustain the contempt conviction."
 {¶ 24} Sweeney argues that the evidence against her was insufficient to sustain her contempt conviction. In light of our rulings on Sweeney's first and second assignments of error, assignment of error number three is moot.
Judgment reversed and vacated.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 SEAN C. GALLAGHER, P.J., and, KENNETH A. ROCCO, J., CONCUR *Page 1