JOURNAL ENTRY AND OPINION.
{¶ 1} In this consolidated appeal, appellant Thomas E. Peach (husband) appeals the trial court's order finding him in contempt for failing to abide by the terms of the divorce decree and the trial court's denial of his Civ.R. 60(B) motion. He assigns the following errors for our review:
 {¶ 2} "I. The appellant, Thomas E. Peach received improper notice of the full hearing scheduled on August 15, 2002."
 {¶ 3} "II. The trial court abused its discretion in imposing a purge order that was clearly punitive and excessive."
 {¶ 4} "III. The trial court erred in awarding the appellee her attorney fees."
 {¶ 5} "IV. The trial court erred in denying the appellant's motion for relief from judgment."
 {¶ 6} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.
 {¶ 7} The parties were married on April 5, 1997 and one child was born of the marriage. (Carmen, d.o.b. 12/30/98). The parties were divorced on November 2, 2001 and entered into an agreement that was incorporated into the divorce decree, agreeing to the following pertinent terms:
 {¶ 8} "1. Husband shall pay Wife the sum of Eighteen Thousand Dollars ($18,000.00) within four months of 10/30/01 as and for spousal support and it shall be non-dischargeable in bankruptcy.
 {¶ 9} "2. Husband shall pay Wife the additional sum of Eleven Thousand Dollars ($11,000.00) as her attorney fees in the nature of spousal support non-dischargeable in bankruptcy within six months.
 {¶ 10} "3. Husband shall timely pay the first (1st) and second (2nd) mortgages and taxes on real property located at 8011 Southington Drive, Parma, Ohio.
 {¶ 11} "4. Husband shall re-finance the first (1st) and second (2nd) mortgage, so as to remove the Wife's name thereon. If Husband is unable to or fails to re-finance as stated above, the real property shall be sold and the proceeds used to pay off the first (1st) and second (2nd) mortgage and then shall be used to pay Wife any amount owed from paragraphs one (1) and (2) above.
 {¶ 12} "5. If Husband satisfies his obligations in paragraphs one (1) and two (2), above, and he re-finances as stated in paragraph four (4), then Wife will quit-claim her interest in the real property to Husband.
"* * *
 {¶ 13} "7. Husband shall timely pay the Home Equity Loan with Bank One for the basement and Home Depot and hold Wife harmless thereon as well as the first (1st) and second (2nd) mortgage on the real property and hold Wife harmless thereon.
 {¶ 14} "12. Husband shall timely pay Bank One (basement repair), Home Depot, First Merit (1st mortgage), and First Merit Home Equity Loan (2nd mortgage).
 {¶ 15} "13. Husband owes Wife the sum of Nine Thousand Nine Hundred and Forty-Six Dollar and sixty-six cents ($9,946.66) as arrears for child support and Husband shall pay in addition to his current child support, Two Hundred Dollars ($200.00) per month on his arrearage until said Obligation has been paid.
 {¶ 16} "14. Husband shall pay Wife, Nine Hundred Fifty-Four Dollars and forty-seven cents ($954.47), (includes 2%) as child support thru CSEA.
"* * *
 {¶ 17} "17. Husband shall pay and maintain Wife on his health insurance for the period of one (1) year from October 3, 2001.
 {¶ 18} "18. Husband shall maintain health insurance for the child, and uninsured medicals shall be paid per line 16 of the child support worksheet.
"* * *
 {¶ 19} "21. Husband shall pay spousal support at Four Hundred Dollars ($400.00) per month (plus 2%) for a period of seven (7) months."
 {¶ 20} On February 7, 2002, the husband filed a motion to modify child support and allocation of parental rights and responsibilities.[1]
The husband alleged the basis for the motion to modify child support was the decrease in his income.
 {¶ 21} On March 1, 2002, the wife filed a motion for contempt and attorney fees for the husband's failure to abide by the terms of the agreement listed above.
 {¶ 22} The matter was set for a final hearing on August 14, 2002. On July 12, 2002, the wife filed a motion for continuance, which was granted. The hearing was rescheduled to August 15, 2002. The husband, who was unrepresented by counsel, failed to attend the August 15, 2002 hearing.
 {¶ 23} In spite of the husband's absence, the magistrate went forward with the hearing. The wife testified that the husband failed to abide by the agreement they had entered into which was incorporated into the divorce decree. The wife testified that along with failing to abide by certain financial obligations, the husband also failed to remove her name from the first and second mortgages on the home and the husband failed to put the house on the market.
 {¶ 24} The wife also testified the husband failed to make payments on the home equity loan as agreed. The bank called her several times seeking payment. She made two payments so that the bank would stop calling her.
 {¶ 25} Regarding the payment of child support, the wife stated she had received a couple of checks in the amounts of $300, $400 and $500, a few weeks prior to the hearing. Other than that, she has received no child support. The husband was to pay $954.47/month in child support, according to the agreement.
 {¶ 26} The wife also testified that in contravention of the agreement, the husband had also removed her and their child from his heath insurance plan. As a result, the wife had to put the child on a county health program. She has received absolutely no spousal support although the husband was obligated to pay $400/month for seven months.
 {¶ 27} The wife testified she incurred attorney fees in the amount of $1,000, of which she paid $500, to pursue the motion to show cause. The wife's attorney thereafter testified to the reasonableness of the fees.
 {¶ 28} On August 29, 2002, the magistrate issued his report in which he dismissed the husband's motion to modify child support for failure to prosecute the action. In addition, the magistrate granted the wife's motion to show cause and motion for attorney fees. The husband was therefore found in contempt and sentenced to thirty days in jail for noncompliance with the divorce decree. The sentence could be purged provided the husband complied with the terms of the decree that he had violated.
 {¶ 29} The husband filed objections to the magistrate's report. On November 1, 2002, the trial court overruled the husband's objections and adopted the magistrate's report.
 {¶ 30} The husband thereafter filed a Civ.R. 60(B) motion seeking to vacate the divorce decree. The trial court denied the motion, finding a Civ.R. 60(B) could not be used to vacate a divorce decree.
 {¶ 31} In his first assigned error, the husband argues he failed to receive notice of the hearing, which was rescheduled from August 14 to August 15. The husband contends this lack of notice of the continuance deprived him of the opportunity to defend against the motion to show cause and motion for attorney fees filed by the wife.
 {¶ 32} Although the husband contends he did not receive notice of the rescheduled hearing date, the docket indicates notice was sent. The magistrate also noted in his report, "that service upon said motion was duly and properly made; that notice containing the date and time of this proceeding was mailed to counsel of record or, if unrepresented, to the parties themselves; and that the fact of such mailing was journalized in the Domestic Relations Hearing Journal maintained by the Clerk of Courts and is evidenced by a notation on the Docket."[2]
 {¶ 33} Although the docket is not conclusive evidence that notice was sent, the husband has not presented evidence to contradict the docket (i.e. an affidavit).[3] In fact, we find his contention he did not receive notice suspect. If he in fact did not receive notice of the continuance, he would have showed up the day before the hearing, which was the original hearing date, and would have then been advised about the continuance. There is no evidence that he even appeared for the original hearing.
 {¶ 34} Therefore, since the husband failed to present evidence to rebut the docket's indication notice was sent, we find his contention he did not receive notice to be without merit.
 {¶ 35} The husband's first assigned error is overruled.
 {¶ 36} In his second assigned error, the husband argues the trial court abused its discretion by imposing a purge order to the contempt, which was punitive and excessive because it was impossible for him to comply with.
 {¶ 37} A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. A reviewing court utilizes an abuse of discretion standard in reviewing the sanctions.[4] Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt.[5] A trial court abuses its discretion by ordering purge conditions which are unreasonable or where compliance is impossible.[6] A person charged with contempt for violation of a court order may defend by proving it was not in his power to obey the order.[7] The party asserting the defense bears the burden of proving inability to pay.[8]
 {¶ 38} In the instant case, the purge order is merely a recitation of what the husband had agreed to as part of the divorce decree ten months earlier. Although the husband contends he has no ability to pay the purge order, he has not taken steps to prove his inability to pay. His motion to modify child support was dismissed for failure to prosecute and at the time of the purge order he had not filed any other motions to modify based on his financial problems. He failed to appear at the show cause hearing and no affidavits of his financial situation were submitted. Therefore, without evidence of his defense of inability to pay, the purge order was not unreasonable.
 {¶ 39} We also note that part of the purge order consists of the nonmonetary requirement of either refinancing the home or placing the home for sale. The husband failed to even make a good faith effort to comply with these terms. It appears that the husband's own poor decision-making in not selling the marital home contributed to his inability to comply with the terms of the agreement.
 {¶ 40} Furthermore, it is hard to overlook the fact the purge order is simply a recitation of the terms the husband had agreed to ten months previously. It appears he failed to make any good faith effort to comply with the terms as the wife filed the motion to show cause a mere four months after the agreement had been entered into. Therefore, his defense he is unable to pay the amounts he had voluntarily obligated himself to pay, is suspect without further evidence.
 {¶ 41} Accordingly, the husband's second assigned error is overruled.
 {¶ 42} In his third assigned error, the husband argues the trial court erred by awarding the wife $500 in attorney fees without first determining the husband had the financial ability to pay the fee pursuant to R.C. 3105.21(H).
 {¶ 43} This court in Marx v. Marx, [9] recently held:
 {¶ 44} "As this court has previously recognized, R.C. 3105.21(H) is not the only authority for an award of fees in contempt proceedings relating to a divorce decree. Chojnowski v. Chojnowski, Cuyahoga App. No. 81379, 2003-Ohio-298. Indeed, trial courts have discretion to award reasonable attorney's fees against a party found guilty of civil contempt, even in the absence of a statute specifically authorizing the award. Id., citing State ex rel. Fraternal Order of Police v. Dayton
(1977), 49 Ohio St.3d 219, 230-231, 361 N.E.2d 428. This authority applies in domestic relations proceedings and, therefore, the more specific requirements of R.C. 3105.21(H) do not control in this action.Chojnowski."
 {¶ 45} This court then concluded, as we did in Chojnowski, the trial court did not err by awarding fees without first determining the payor's ability to pay.
 {¶ 46} In the instant case, we find a review of the record indicates the magistrate did consider the husband's ability to pay and finding no evidence indicating he could not pay, awarded the fees. Even so, based on the above authority, such a finding was not required.
 {¶ 47} Accordingly, the trial court did not err by ordering the husband to pay $500 of the wife's attorney fees. The husband's third assigned error is overruled.
 {¶ 48} In his fourth assigned error, the husband argues the trial court erred by denying his Civ.R. 60(B) motion to vacate the divorce decree because he is unable to financially comply with the terms.
 {¶ 49} The Ohio Supreme Court in Knapp v. Knapp[10] held that a Civ.R. 60(B) motion was not designed to permit relief from a final divorce decree. In Knapp, as in the instant case, the parties had entered into a settlement agreement which was incorporated into the divorce decree. The husband thereafter discovered he could not financially comply with the terms he had agreed to and sought to vacate the divorce decree. The Court held it would be inequitable to permit one of the parties, who made a voluntary, deliberate choice, to enter into the agreement, to be relieved from the consequences of these choices "simply because hindsight indicates they may not have been wise choices."[11]
 {¶ 50} This court in Symczak v. Symczak[12] also addressed a similar case and found that a Civ.R. 60(B) motion is different from a motion to modify because a motion to modify is used to seek change in a domestic relations order on the ground that circumstances have changed since the original order was entered into. A motion pursuant to Civ.R. 60(B), however, involves a procedure for granting relief from a judgment not otherwise modifiable.[13] This court went on to explain:
 {¶ 51} "Where a change of circumstances justifies a different result, the court may modify a decree when its continuing jurisdiction is properly invoked pursuant to Civ.R. 75(I). A Civ.R. 60(B) motion would be used in the event of inadvertence, mistake, newly discovered evidence, fraud or neglect which existed at the time of the original judgment."[14]
 {¶ 52} In the instant case, the husband is not claiming the divorce decree should be vacated due to events that existed at the time the decree was entered, but on events that happened subsequent to the decree. Therefore, the trial court did not err by denying the husband's motion, because the relief the husband sought could not be provided pursuant to a Civ.R. 60(B) motion. A motion to modify the decree based on the husband's change of circumstance would be the appropriate action to modify the decree.
 {¶ 53} The husband's fourth assigned error is overruled.
Judgment affirmed.
Frank D. Celebrezze, Jr., J., and Anthony O. Calabrese, Jr., J.,Concur.
[1] The parties later entered into an agreement resolving the disagreement regarding the allocation of parental rights.
[2] Magistrate Report at 1.
[3] Winters v. Doe (Sept. 10, 1998), Cuyahoga App. No. 74384; Stroh v.Whitcomb (Sept. 22, 2000), 11th Dist. No. 99-P-0002.
[4] Burchett v. Miller (1997), 123 Ohio App.3d 550, 552.
[5] Carroll v. Detty (1996), 113 Ohio App.3d 708, 712.
[6] Burchett, supra.
[7] Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140; Rinehart v. Rinehart (1993), 87 Ohio App.3d 325, 328; Courtney v. Courtney (1984),16 Ohio App.3d 329, 334.
[8] Pugh, at 140.
[9] Cuyahoga App. No. 82021, 2003-Ohio-3536.
[10] (1986), 24 Ohio St.3d 141.
[11] Id. at 145.
[12] (2000), 136 Ohio App.3d 706.
[13] Id. citing, McKinnon v. McKinnon (1983), 9 Ohio App.3d 220,221.
[14] Id. (emphases added).