[Cite as *Briggs v. Moelich*, 2012-Ohio-1049.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97001**

# TRACY A. BRIGGS

PLAINTIFF-APPELLANT

vs.

# JEFFREY M. MOELICH

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-324032

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEY FOR APPELLANT**

Joseph Bancsi
The Goodwin Bryan Building
22050 Mastick Road
Fairview Park, OH   44126


**ATTORNEY FOR APPELLEE**

Pamela J. MacAdams
Morganstern, MacAdams & DeVito Co., LPA
623 West St. Clair Avenue
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant, Tracy A. Briggs, appeals the judgment of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, that found her in contempt of court and granted attorney fees to defendant-appellee Jeffrey M. Moelich. For the reasons stated herein, we affirm.

**{¶2}** Briggs and Moelich were divorced on November 2, 2009. As part of the divorce proceedings, the parties entered a number of agreed judgment entries involving the division of property. Subsequent to the judgment entry of divorce, Moelich filed a motion to show cause and motion for attorney fees. Briggs filed a motion to dismiss and a motion to show cause, along with motions for attorney fees.

**{¶3}** Following a three-day hearing, the court magistrate granted Moelich's motion to show cause in part and granted his motion for attorney fees. The magistrate found Briggs was in contempt of court for failing to comply with the court's orders relating to the sale of the former marital home, the award of personal property to Moelich, and the delivery of the boat title and a spare car key to Moelich. No contempt was found in relation to the Fidelity accounts and the payment of taxes and insurance premiums. The magistrate sentenced Briggs to 30 days in jail, subject to certain purge conditions. The order included a $10,000 award of attorney fees.

**{¶4}** Briggs's motion to dismiss was granted in part as to matters where no contempt was found. The magistrate also granted Briggs's motion to show cause in part, only as to the necessity to pay the real estate tax bill associated with the former marital residence. Her motions for attorney fees were denied.

**{¶5}** Briggs filed objections to the magistrate's decision that were overruled by the trial court. The court adopted the magistrate's decision as modified to reflect an attorney's fee award to Moelich of $12,000. Briggs's contempt was subject to the following purge conditions:

> 1. Delivering to Mr. Moelich at [Briggs's] expense the items of personal property awarded to [Moelich] that remain in her possession, which were not moved on April 23, 2010.

> 2. Paying Mr. Moelich $3,848.49 for [Briggs's] interference with the sale of the marital property.

> 3. Obtaining a replacement title for the Four Winns boat and delivering the title to Mr. Moelich.

> 4. Paying Mr. Moelich attorney fees in the amount of $12,000.

> 5. All the above shall be completed within 45 days of the journalization of this order.

**{¶6}** The court ordered that Briggs's failure to comply with the purge conditions will result in a judgment to Moelich in the amount of $15,848.49, which was in addition to the thirty-day jail sentence that would be imposed.

**{¶7}** Briggs timely filed an appeal with this court. As an initial matter, we note that there is a final appealable order in this matter. We have previously recognized that the mere adjudication of contempt of court is not a final appealable order when the court

defers the imposition of punishment for the contempt. *Cleveland Civ. Serv. Emps. Assn. v. Cleveland*, 8th Dist. No. 93922, 2010-Ohio-4352, ¶ 58; *Cooper v. Cooper*, 14 Ohio App.3d 327, 328-329, 471 N.E.2d 525 (8th Dist.1984). While some cases have found there is no final appealable order when the opportunity to purge the contempt is pending, that principle does not apply when the contempt order includes the imposition of a penalty or a sanction. *See Davis-Wright v. Wright*, 4th Dist. 09CA1, 2010-Ohio-3984, ¶ 7-8; *Check v. Rossetti*, 5th Dist. No. 2004-CA-332, 2005-Ohio-3463, ¶ 3; *Noll v. Noll*, 9th Dist. No. 03CA008216, 2003-Ohio-5358, ¶ 9-11. Here, the trial court's order includes an order of contempt and the imposition of a penalty and a sanction, i.e., a 30-day jail sentence and a monetary sanction for Briggs's failure to comply with the purge conditions within 45 days of the judgment. Under these circumstances, there is a final appealable order.

{¶8} Briggs raises nine assignments of error for our review. For clarity of review, we shall address them out of order and together where appropriate.

{¶9} A lower court's finding of contempt will not be reversed absent an abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991). In order to find an "abuse of discretion," we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} Pursuant to R.C. 2705.02, the disobedience of, or resistance to, a court order may be punished for a contempt. Thus, a party's failure to comply with the property

division in a divorce decree is subject to contempt proceedings. *Chojnowski v. Chojnowski*, 8th Dist. No. 81379, 2003-Ohio-298, ¶ 19. A prima facie case of contempt is shown where the divorce decree is before the court along with proof of the alleged contemnor's failure to comply with the decree. *Dzina v. Dzina*, 8th Dist. No. 83148, 2004-Ohio-4497, ¶ 63. "A person charged with contempt for violation of a court order may defend by proving it was not in his power to obey the order." *Peach v. Peach*, 8th Dist. Nos. 82414 and 82500, 2003-Ohio-5645, ¶ 37.

{¶11} Civil contempt sanctions, which are remedial or coercive in nature, are often employed to compel compliance with the court order and are imposed for the benefit of the complainant. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 555, 2001-Ohio-15, 740 N.E.2d 265. A sanction imposed for a civil contempt must afford the contemnor the opportunity to purge the contempt. *Carroll v. Detty*, 113 Ohio App.3d 708, 712, 681 N.E.2d 1383 (4th Dist.1996). A trial court also has the discretion to award reasonable attorney fees against a party found in civil contempt. *Peach* at ¶ 44. Delayed compliance before a contempt hearing does not prevent an award of attorney fees. *Walton v. Davis*, 10th Dist. No. 96APF11-1503, 1997 WL 358860 (June 26, 1997); *Roach v. Roach*, 61 Ohio App.3d 315, 323-324, 572 N.E.2d 772 (8th Dist.1989).

{¶12} Briggs's first assignment of error challenges the trial court's finding of contempt for failing to deliver a spare set of car keys to Moelich. Pursuant to the parties' "in court agreement" attached to the divorce decree, Briggs was to provide the keys or replacement costs by November 15, 2009. While Briggs concedes that she had the keys

and delivered the keys a week late, she claims that Moelich did not suffer any injury by her noncompliance with the court's order.

{¶13} We recognize that Briggs had delivered the keys before Moelich filed his motion to show cause and that no damages were incurred. However, because Briggs failed to timely comply with the trial court's order, we cannot say the court abused its discretion in finding Briggs in contempt. Briggs's first assignment of error is overruled.

{¶14} Briggs's second assignment of error challenges the finding of contempt for failing to deliver the boat title to Moelich. Pursuant to the parties' "in-court agreement" attached to the divorce decree, Briggs was to deliver the boat title to Moelich by November 15, 2009. Also, pursuant to an agreed judgment entry, Briggs was to execute "all paperwork necessary to transfer her interest" in the boat to Moelich. The title was never delivered to Moelich.

{¶15} A party must take all reasonable steps within her power to comply with the court's order and, when raising the defense of impossibility, must show "categorically and in detail" why she is unable to comply with the court's order. *Lahoud v. Tri-Monex, Inc.*, 8th Dist. No. 96118, 2011-Ohio-4120, ¶ 54.

{¶16} Briggs testified that she searched through the paperwork in her house and could not find the title. The boat was located at Moelich's cottage in Michigan, where Moelich was staying. To Briggs's knowledge, the boat was titled to Moelich. However, Moelich testified that he believed the boat was jointly titled. Further, there was no

showing concerning the execution of paperwork necessary to effectuate a transfer of Briggs's interest in the boat.

{¶17} The record reflects that there was simply a lack of evidence to demonstrate whose name the boat was titled in or what efforts were required for obtaining a replacement title. Because Briggs failed to meet her burden of showing she was unable to comply with the court's order, the trial court did not abuse its discretion by finding her in contempt. Briggs's second assignment of error is overruled.

{¶18} Briggs' sixth assignment of error challenges the finding of contempt for interfering with Moelich's removal of his personal property from the marital residence.

{¶19} The parties' in-court agreement set forth the division of personal property. It allowed for a "walk through" by Moelich, accompanied by Briggs's attorney, to tag or list items for removal within ten days. Moelich was permitted to remove his personal property on or before November 25, 2009. He was to provide three dates from which Briggs could chose one for the movers.

{¶20} Moelich did not avail himself of the walk-through. After an initial date change, the agreed date for the move was November 18, 2009. On the move date, Moelich parked at the curb of the home to wait for the movers. Briggs called the police because Moelich was allegedly violating a no-contact order that had been issued in Rocky River Municipal Court. Moelich was arrested, and the scheduled move did not proceed. Thereafter, the parties agreed to other arrangements for allowing Moelich to remove his personal property.

**{¶21}** On April 23, 2010, Moelich's son, Robert, and his friend arrived with a rented truck. Briggs instructed Robert to load items that were not on Moelich's list. Ultimately, all the property on the list was not loaded onto the truck. Unaware that the movers were heading to Michigan that night, Briggs offered the movers the opportunity to return the next morning to complete the removal.

**{¶22}** The trial court recognized that the parties' in-court agreement did not provide for Moelich's presence during the move. However, the court recognized that Briggs failed to cooperate and interfered with the removal of the property on April 23, 2010. The court found Briggs in contempt for interfering with Moelich's retrieval and removal of his personal property awarded in the divorce.

**{¶23}** Briggs argues that the court order provided for a removal by November 25, 2009, and that no legal obligation existed for removal at a later date. However, a court-ordered modification was not necessary because the parties agreed to the later date. Further, the date served to effectuate the court's order for the division of personal property. The trial court did not abuse its discretion in finding Briggs interfered with Moelich's retrieval of his personal property awarded in the divorce. Briggs's sixth assignment of error is overruled.

**{¶24}** Briggs's seventh assignment of error claims that the trial court denied her due process of law when it denied her the right to recross-examine the realtor, Gloria Hardington. We find no merit to this argument.

**{¶25}** It is within the trial court's discretion to allow the opportunity to recross-examine a witness. *State v. Watson*, 8th Dist. No. 90962, 2009-Ohio-2120, ¶ 62; *State v. Faulkner*, 56 Ohio St.2d 42, 46, 381 N.E.2d 934 (1978). Briggs fails to show any new subject matter was presented during redirect-examination, and she has not demonstrated any prejudice. Accordingly, we find that the trial court did not abuse its discretion, and we overrule the seventh assignment of error.

**{¶26}** Briggs's eighth assignment of error challenges the finding of contempt for interfering with and impeding the sale of the former marital home, as well as the damages awarded.

**{¶27}** In an agreed judgment entry, the parties agreed to the sale of the former marital home. They agreed to list the home with realtor Gloria Hardington of Howard Hanna Realty and to follow her recommendations concerning the listing price and price reductions "in order to sell the property in a timely fashion."

**{¶28}** Evidence was presented showing that Briggs acted in resistance to the court's order. There was evidence showing that she failed to cooperate with the realtor, disagreed with price reductions, removed fliers from a box attached to a lawn sign, removed the key from the realtor's lock box, removed the for-sale sign, and cancelled showings with interested buyers. The trial court found that "much of the resistence stemmed from the recommended reductions to the listing price of the home." Hardington testified that she believed Briggs wanted to sell the home, but on her own terms. Upon the expiration of the six-month listing agreement, Briggs was to select a

successor agent from a list of two agents provided by Moelich. Briggs delayed in her selection, causing a lapse in the listing. The parties ultimately accepted an offer on the house of $365,000. The initial listing was in the mid $400,000s.

{¶29} The trial court found Briggs's actions interfered with, and potentially impeded, the sale of the home. Upon our review, we find no abuse of discretion by the trial court in finding Briggs in contempt.

{¶30} The court ordered Briggs to pay $3,848 for her interference with the sale of the home. The amount represented the amount of the mortgage Moelich paid above the $2,000 spousal support obligation he would have when the home sold. While Briggs argues this was an improper modification of spousal support, the record reflects that the amount was to reimburse Moelich for losses he sustained as a result of the contempt violation. Finding no abuse of discretion, we overrule Briggs's eighth assignment of error.

{¶31} Briggs's third, fourth, and fifth assignments of error challenge the trial court's award of attorney fees on matters for which she was not held in contempt. Briggs argues that a lump sum award was improper and the fees should have been segregated according to the separate claims of contempt. Briggs's ninth assignment of error challenges the trial court's modification of the magistrate's decision to increase the amount of attorney fees awarded from $10,000 to $12,000. Briggs fails to cite any authority in support of her argument.

**{¶32}** A trial court has discretion to award attorney fees in a divorce action. *Lemke v. Lemke*, 8th Dist. No. 94557, 2011-Ohio-457, ¶ 38. R.C. 3105.73(B) provides:

> (B) In any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

**{¶33}** Additionally, we have recognized that "trial courts have discretion to award reasonable attorney's fees against a party found guilty of civil contempt, even in the absence of a statute specifically authorizing the award." *Peach*, 8th Dist. Nos. 82414 and 82500, 2003-Ohio-5645, at ¶ 44, citing *Chojnowski*, 8th Dist. No. 81379, 2003-Ohio-298, at ¶ 22.

**{¶34}** The trial court found that Briggs was in contempt and that Moelich incurred attorney fees to enforce the orders of the court. Moelich's attorney testified to an hourly rate of $325 per hour and to her rate being commensurate to the hourly rate of family law attorneys in the community with similar credentials. Counsel testified to the contentious nature of the litigation, which resulted in increased fees. Counsel's fee statement, which highlighted the time spent on issues related to the contempt, was submitted to the court. The court noted that not all of the fees on the fee statement were related to the issues of the motion to show cause.

**{¶35}** Moelich sought fees in the amount of $19,835 for 61.03 hours of time spent on the contempt-related issues. Though the fee statement did not precisely identify which particular contempt claim related to each entry, counsel indicated that the issues were not treated that way and that the issues were dealt with together.

**{¶36}** The magistrate recognized that there were multiple contempt issues and the parties were in trial multiple days. The magistrate found that the fees sought were reasonable, considered the ability to pay of the parties, and limited the attorney fees award to $10,000. Upon independent review, the trial court judge modified the amount to $12,000.

**{¶37}** Our review of the record indicates that the court assessed the reasonableness of Moelich's attorney fees in relation to the contempt. We find no abuse of discretion in the trial court's award of $12,000 in attorney fees. Briggs's remaining assignments of error are overruled.

**{¶38}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR